# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50250 | **DATE** | 7/24/2001 |
| **CASE TITLE** | CHAPMAN, et al. vs. DAIMLER-CHRYSLER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the Magistrate Judge's Report and Recommendation dated May 16, 2001 is adopted in part and denied in part. Plaintiff Crawley's claims are reinstated, although if she fails to show up for court dates and otherwise participate in the litigation, or hire an attorney in her stead, her claims will be dismissed. The court adopts the Report and Recommendation of the Magistrate Judge as to plaintiff Garrett, and her claims are dismissed with prejudice for want of prosecution. The court adopts the Report and Recommendation of the Magistrate Judge dated June 27, 2001, and plaintiff Golden's claims are dismissed with prejudice for want of prosecution.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL 2 6 2001 | |
| | Notified counsel by telephone. | date docketed | 25 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 7-26-01 | |
| /SEC7 | courtroom deputy's initials | 2001 JUL 26 AM 11:02 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs Diana Chapman, Carolyn Crawley, Tina Garrett, Paul Golden, Doris Heibner, Minnie Isom, Bobbie Renner and Mary J. Spence filed a complaint against Daimler-Chrysler Corporation ("DaimlerChrysler") and the International Union of the United Auto Workers Local Union 1268 on July 12, 2000. On March 21, 2001, plaintiffs Carolyn Crawley, Paul Golden, Tina Garrett and Bobbie Renner petitioned for the withdrawal of Robert Sharp, Jr. as their attorney. The Magistrate Judge granted their petition, and ordered the individual plaintiffs or their retained counsel to appear at the initial pretrial conference set for April 11, 2001 or their causes would be dismissed for want of prosecution. A copy of the Order was sent to the individual plaintiffs' addresses.

On April 11, 2001, neither Tina Garrett or Carolyn Crawley nor attorneys on their behalf appeared as ordered. At that time, the Magistrate Judge entered an order stating that all non-represented plaintiffs or their counsel were to appear on May 16, 2001 or their case would be dismissed for want of prosecution. On May 16, 2001, Garrett and Crawley did not appear, and the Magistrate Judge issued a Report and Recommendation dismissing their claims for want of prosecution. Crawley filed an objection to the Magistrate Judge's Report and Recommendation of May 16, 2001; Garrett did not.[1] Although Crawley does not directly address why she did not appear in court on April 11, 2001, or May 16, 2001, it appears she may have been confused about the status of her case, based on a conversation with her former attorney. Crawley's objection is allowed and her claims in this case are reinstated, but the court expects Crawley to show up and participate in the litigation of this case, either in person or through an attorney hired by her, or her claims will be dismissed. The next court date is September 28, 2001 at 1:30 p.m., and Crawley, either in person or through an attorney she hires, is expected to be there, otherwise her claim will be dismissed. The court adopts the Report and Recommendation of the Magistrate Judge dated May 16, 2001 as to plaintiff Garrett, and her claims are dismissed with prejudice for want of prosecution. See Rule 41(b).

On June 27, 2001, the Magistrate Judge issued a Report and Recommendation that Golden be dismissed for want of prosecution for failure to appear. No objections have been filed, and the court adopts the Report and Recommendation of the Magistrate Judge dated June 27, 2001, and Golden's claims are dismissed with prejudice for want of prosecution.

---

[1] Plaintiff Crawley refers to herself as Crawley-Guerin in her objection. However, for purposes of consistency, the court will refer to her as "Crawley," which is how her name appears in the caption.