Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50250 | **DATE** | 7/24/2001 |
| **CASE TITLE** | CHAPMAN, et al. vs. DAIMLER-CHRYSLER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, both of defendant Daimler-Chrysler's motions to dismiss are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL 2 6 2001 | 26 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7-26-01 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | | mailing deputy initials |
| | Date/time received in central Clerk's Office | | |

# MEMORANDUM OPINION AND ORDER

On July 12, 2000, plaintiffs filed a complaint against Daimler-Chrysler Corporation ("DaimlerChrysler") and the International Union of the United Auto Workers Local Union 1268. On November 30, 2000, DaimlerChrysler filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 4(m), 41(b) and 12(b)(6), which has been fully briefed. On May 15, 2001, certain plaintiffs filed an amended complaint against DaimlerChrysler only, and DaimlerChrysler filed another motion to dismiss under Rules 12(b)(5), 4(m), 41(b) and 12(b)(6), essentially asserting the same grounds for dismissal.

The thrust of DaimlerChrysler's motion is that plaintiffs served the original complaint 121 days after it was filed, in violation of Rule 4(m)'s 120-day limitation. Plaintiffs argue their complaint has two dates stamped on it. One stamp shows "Received" with a date of July 12, 2000 underneath, and another stamp shows "Filed" with a date of July 13, 2000 underneath. Based on these stamped dates, according to plaintiffs, they calculated Rule 4(m)'s 120-day as starting from the "Filed" date of July 13, 2000, and served the complaint on November 10, 2000. Plaintiffs also note that if their complaint is dismissed, the limitations period for their Title VII and ADA claims will have expired (although it appears the § 1981 claims would remain viable).

DaimlerChrysler is correct in that the complaint was considered to have been filed on the date the clerk's office received it, which was July 12, 2000. However, under these circumstances, it is understandable plaintiffs misunderstood July 13, 2000 to be the relevant date, given the date stamp on the complaint, although plaintiffs' counsel is forewarned they will be expected to understand how Rule 4(m) operates in the future. Thus, the court exercises its discretion in permissively extending the time for service of process by one day. See Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996).

DaimlerChrysler's argument regarding the class allegations is premature. Its argument based on Rule 12(b)(6) is rejected; the complaint satisfies federal notice pleading standards. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993); Scott v. City of Chicago, 195 F.3d 950 (7th Cir. 1999).

The court denies DaimlerChrysler's second motion to dismiss for the same reasons.